UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason H.,[1]

        Plaintiff,

v.

Martin J. O'Malley,
Commissioner of Social Security
Administration,

        Defendant.

Case No.  23-cv-743 (WMW/LIB)

**REPORT AND RECOMMENDATION**

Plaintiff, Jason H., (hereinafter "Plaintiff"), seeks judicial review of the decision of the Commissioner of Social Security ("Defendant") denying his application for supplemental security income. The matter is before the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636 and Local Rules 7.2(a)(1). This Court has jurisdiction over the claims under 42 U.S.C. § 405(g).

Pursuant to the Local Rules governing social security cases in this District, Plaintiff submitted a brief in support of his claim requesting that this Court reverse the Commissioner's decision and that his claim be remanded back to the Social Security Administration for further proceedings. [Docket No. 15]. Defendant filed a motion for Summary Judgment, [Docket No. 21], as well as a separate brief requesting that the Court deny Plaintiff's request for relief and affirm the Commissioner's decision denying Plaintiff's appeal for supplemental security income. [Docket No. 22]. The Court took the matter under advisement on the Parties' written submissions.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by his name only his first name and last initial are provided.

For the reasons discussed herein, the undersigned recommends that Plaintiff's request for relief, [Docket No. 15], be **GRANTED** in part and **DENIED** in part. In addition, the undersigned recommends that Defendant's Motion for Summary Judgment, [Docket No. 21], and Defendant's duplicative request for relief affirming Commissioner's decision, [Docket No. 22], be **DENIED**.

I.   Background

On February 22, 2021, Plaintiff filed a Title XVI application for supplemental social security income alleging disability beginning February 22, 2021. (Tr. 12, 251-58).[2] The Commissioner initially denied Plaintiff's claim on July 27, 2021, and again, upon reconsideration, on September 16, 2021. (Tr. 12, 87-97, 223–228). On September 22, 2021, Plaintiff filed a written request for a hearing before an Administrative Law Judge. (Tr. 12, 131–133).

Administrative Law Judge Mary D. Morrow (hereinafter "ALJ") conducted a telephonic hearing on January 25, 2022. (Tr. 12, 28–54). Plaintiff, along with an independent vocational expert, Jesse Ogren, ("IVE Ogren"), testified at the hearing. (Tr. 12, 49–70). On April 1, 2022, the ALJ issued a decision denying Plaintiff's request for supplemental social security income. (Tr. 12-22). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 22).

Plaintiff thereafter sought review of the decision by the Appeals Council. (Tr. 1–6). Subsequently, on January 26, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1). As a result, the ALJ's decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481.

---

[2] Throughout this Report and Recommendation, the Court refers to the Administrative Record, [Docket No. 8], by the abbreviation "Tr." The Administrative Record is consecutively paginated across 58 exhibits. (See Administrative Record [Docket No. 8]). Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of these exhibits.

On March 27, 2023, Plaintiff filed this action. (Compl. [Docket No. 1]). Thereafter, both parties submitted briefs, [Docket Nos. 15, 22], and the Court took the matter under advisement on the written submissions.

## I. Standards of Review

### A. Administrative Law Judge's Five-Step Analysis

If a claimant's initial application for disability benefits is denied, he may request reconsideration of the decision. 20 C.F.R. §§ 404.907–404.909. A claimant who is dissatisfied with the reconsidered decision may then obtain administrative review by an administrative law judge ("ALJ"). 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.929.

To determine the existence and extent of a claimant's disability, the ALJ must follow a five-step sequential analysis. This analysis requires the ALJ to make a series of factual findings about the claimant's impairments, residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see also Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992). The Eighth Circuit has described this five-step process as follows:

> The Commissioner of Social Security must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

### B. Appeals Council Review

If the claimant is dissatisfied with the ALJ's decision, he may request review by the Appeals Council, although the Appeals Council need not grant that request for review. See 20

C.F.R. §§ 404.967–404.982. The decision of the Appeals Council (or, if the request for review is denied by the Appeals Council, then the decision of the ALJ) is final and binding upon the claimant, unless the matter is appealed to federal court within sixty days after notice of the Appeals Council's action. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. In this case, the Appeals Council declined to review the ALJ's decision finding that Plaintiff was not disabled. (Tr. 1–5).

### C. Judicial Review

Judicial review of the administrative decision generally proceeds by considering the decision of the ALJ at each of the five steps. Judicial review of the Commissioner's decision to deny disability benefits, however, is constrained to a determination of whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008); Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2005); Buckner v. Apfel, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole."). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Buckner, 213 F.3d at 1012 (quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)); see Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact for that of the ALJ. Hilkemeyer v. Barnhart, 380 F.3d 441, 445 (8th Cir. 2004). The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994). The Court should not reverse the

4

Commissioner's finding merely because evidence may exist in the administrative record to support the opposite conclusion. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

After balancing the evidence, if it is possible to reach two inconsistent positions from the evidence and one of those positions represents the Commissioner's decision, the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). Thus, the Court will not reverse the ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice.'" Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008). The decision of the ALJ "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) (quotation omitted).

The claimant bears the burden under the Social Security Act of proving that he is disabled. See 20 C.F.R. § 404.1512(a); Whitman v. Colvin, 762 F.3d 701, 705 (8th Cir. 2014). Once the claimant has demonstrated he cannot perform any of his prior, relevant work due to a disability, the burden then shifts to the Commissioner to show that the claimant retains the residual functional capacity ("RFC") to engage in some other substantial, gainful activity. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

**II. Decision Under Review**

The ALJ made the following determinations during the five-step disability evaluation process.

At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 22, 2021. (Tr. 14). This finding is not in dispute. The Court

will refer to the time period between Plaintiff's alleged onset date and the date of the ALJ's decision as "the adjudicated period."

At step two, the ALJ concluded that Plaintiff had "the following severe impairments: degenerative changes of the lumbar spine, degenerative changes of the left upper and lower extremities, and obesity." (Tr. 15). Plaintiff does not challenge the findings made by the ALJ at step two.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16). Specifically, the ALJ found that Plaintiff did not have any impairment or combination of impairments which met or medically equaled listings 1.15 or 1.18. (Tr. 16–17). Plaintiff does not challenge the ALJ's findings at step three.

At step four, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the following limitations: occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach with the bilateral upper extremities; frequently operate foot controls with the bilateral lower extremities; and never be exposed to hazards such as moving machinery and unprotected heights

(Tr. 17-18).

Plaintiff challenges this RFC determination made by the ALJ. In making this RFC determination, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms"; however, the ALJ also concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the

reasons explained in [the ALJ's] decision." (Tr. 18). Plaintiff does not challenge this credibility determination by the ALJ.[3]

Based on his RFC determination and relying on the testimony from the independent vocational expert, IVE Ogren, the ALJ found that Plaintiff had no past relevant work. (Tr. 21). Plaintiff does not challenge this finding.

Finally, at step five, the ALJ determined that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 21). Relying upon testimony from IVE Ogren, the ALJ specifically found that among the occupations Plaintiff would be able to perform were "labeler" of which there are approximately 250,000 positions in the national economy; "garment bagger" of which there are 50,000 positions in the national economy; and "inserter" of which there are 14,000 positions in the national economy. (Tr. 22). Plaintiff does not directly challenge the ALJ's findings at step five, other than as an implicit derivative challenge based on Plaintiff's aforementioned challenge to the ALJ's RFC determination.

The ALJ thus concluded that Plaintiff was not under a disability, as that term is defined by the Social Security Act, at any time during the adjudicated period. (Tr. 22).

## III. Analysis

Plaintiff asserts in his appeal of the ALJ's decision that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly account for the opinions provided by Robert Larbi-Odam, M.D. (See Plf.'s Mem. [Docket No. 15] at 11–16). Specifically,

---

[3] "Social Security Ruling 16-3p eliminates the use of the term 'credibility' and clarifies that the Commissioner's review of subjective assertions of the severity of symptoms is not an examination of a claimant's character, but rather, is an examination for the level of consistency between subjective assertions and the balance of the record as a whole." Noerper v. Saul, 964 F.3d 738, 745 n.3 (8th Cir. 2020). SSR 16-3p applies to the present case, "but it largely changes terminology rather than the substantive analysis to be applied," and in discussing said determination, Courts have continued to use the "credibility" terminology. Noerper v. Saul, 964 F.3d 738, 745 n.3 (8th Cir. 2020).

7

Plaintiff argues that the ALJ's RFC determination failed to properly account for the opinions provided by Dr. Larbi-Odam because the ALJ failed to provide a sufficient explanation for declining to include certain portions of Dr. Larbi-Odam's opinions in the RFC determination.

The Commissioner contends that she is entitled to relief, arguing that each of Plaintiff's arguments is unavailing. (Def.'s Mem. [Docket No. 22]). Defendant further contends that the ALJ's opinion is supported by substantial evidence in the record as a whole. (Def.'s Mem. [Docket No. 22]).

"[A] claimant's RFC is a medical question," and therefore, "an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Combs v. Berryhill, 878 F.3d 642, 646 (8th Cir. 2017) (quoting Steed v. Astrue, 524 F.3d 872, 875 (8th Cir. 2008)). "[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner [through the ALJ] based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." Noerper v. Saul, 964 F.3d 738, 745 (8th Cir. 2020) (first alteration in original) (internal citations omitted); see Combs v. Berryhill, 878 F.3d 642, 646 (8th Cir. 2017); Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004).

In making the RFC determination, the ALJ has a duty to sufficiently develop the record to permit meaningful review on appeal. See Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020). This duty to develop the record "arises from the simple fact that the disability determination process is not an adversarial process," and thus, the duty to develop the record "exists alongside the claimant's burden to prove [his] case." Id. Moreover, the ALJ's duty exists even when a claimant is represented by counsel. Id. The Eighth Circuit Court of Appeals has "repeatedly recognized this duty," and it has "remanded for further development of the record not only where evidence of

8

functional limitations is lacking, but also where the record presents conflicting medical opinions as to which the Commissioner fails to explain a choice." Id.

During the initial disability determination in the present case, Consultative examiner Robert Larbi-Odam, M.D., opined, among other things, that Plaintiff's impairments limited him to the "use [of] the feet for repetitive movements such as operating foot controls for about 4 hours a day." (Tr. 483). In addition, Dr. Larbi-Odam stated that Plaintiff could, in an 8-hour workday, "walk 4-6 hours with periods of rest" and "stand for up to 4-6 hours with periods of rest." (Id.).

In crafting his RFC determination, the ALJ discussed and assessed the opinion of Dr. Larbi-Odam. (Tr. 20). The ALJ's discussion of said opinion noted that Dr. Larbi-Odam opined that Plaintiff had a "limitation of lift[ing] 20 pounds frequently above the shoulder, standing[ing]/walk[ing] four to six hours in an eight-hour workday, sit[ing] for eight hours in an eight-hour workday, frequently bend[ing], will be able to squat, and will be able to work at heights or climb ladders." (Tr. 20). After discussing the opinions, the ALJ concluded that "Dr. Larbi-Odam's opinions are generally consistent with the record." (Tr. 20).

Although the ALJ found Dr. Larbi-Odam's opinions to be "persuasive" and "generally consistent with the record," the ALJ failed to incorporate all of Dr. Larbi-Odam's recommended limitations into the RFC. Specifically, the ALJ failed to incorporate Dr. Larbi-Odam's opinion that Plaintiff's impairments limited him to the use of his "feet for repetitive movement such as operating foot controls for [only] about four hours a day." (Tr. 483). Instead, the ALJ's RFC determination noted that Plaintiff could "frequently operate foot controls with the bilateral lower extremities." (Tr. 17-18).

As observed above, the ALJ has a duty to sufficiently develop the record as to allow for meaningful review on appeal. See, e.g., Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020). The

ALJ's generic reference to some unspecified "objective evidence in the record" is insufficient to satisfy the ALJ's duty to develop the record sufficiently enough to permit meaningful appeal. See, e.g., Dianna L.B. v. Saul, 19-cv-2561 (TNL), 2020 WL 4586822, at *5 (D. Minn. Aug. 10, 2020). When an ALJ fails to identify the evidence relied upon in support of a decision, the Court cannot determine if the ALJ's decision is supported by substantial evidence "because the Court has no way of knowing which evidence to review." Holdeman v. Kijakazi, No. 20-cv-729 (NKL), 2021 WL 6062368, at *6 (W.D.Mo. Dec. 22, 2021); see, Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020).

The ALJ's generic reference to the objective evidence in the record as a whole is insufficient to satisfy the ALJ's duty to develop the record, "particularly when, upon the Court's review, those records show functional limitations that are both consistent and inconsistent with" an RFC determination more debilitating than the ALJ's RFC determination. Dianna L.B. v. Saul, 19-cv-2561 (TNL), 2020 WL 4586822, at *5 (D. Minn. Aug. 10, 2020). "In such cases, the Court is unable to review whether the ALJ's findings regarding Plaintiff's RFC are supported by substantial evidence because the ALJ has not addressed or resolved the difference within those statements." Id. (citing Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020)).

On the record now before the Court, the ALJ failed to sufficiently explain the contradiction between her decision that Dr. Larbi-Odam's opinions were persuasive and, on the other hand, her implied decision not to include all of Dr. Larbi-Odam's opined limitations in the RFC determination. Indeed, in addition to failing to explain this contradiction, the ALJ failed to offer any explanation in support of her decision not to include Dr. Larbi-Odam's opined limitations in her RFC determination.

Because the ALJ failed to identify which evidence in the record she relied upon in reaching her decision or to offer any explanation in support of these decisions, the Court cannot evaluate whether the ALJ's decision not to include the limitation regarding Plaintiff's use of his feet in the RFC is supported by substantial evidence.

The Court finds unpersuasive Defendant's argument that the ALJ's decision is supported by Dr. Larbi-Odam's opinion because the doctor limited Plaintiff to operate foot controls to four hours a day when performed "repetitively," which, in the Defendant's opinion, meant that Plaintiff would be using foot controls to perform tasks over and over again for four hours, which is more than the frequent use of foot controls described in the RFC. (Def.'s Mem. [Docket No. 22] at p. 5). Defendant's argument here is simply inapplicable to the Court's current finding. The ALJ did not err because she failed to adopt a portion of Dr. Larbi-Odam's opinions; the ALJ erred because she failed to articulate any explanation for why she chose not to account for leaving out said portions of Dr. Larbi-Odam's opinions in the RFC determination. As observed above, this error is compounded by the fact that the ALJ found the non-accounted-for opinions to be nonetheless persuasive.

The Court also finds unpersuasive Defendant's assertion that Plaintiff's argument fails on the grounds that because none of the jobs Plaintiff was found capable of performing involve using foot controls, and therefore, the error is harmless and not reversible. (Def.'s Mem. [Docket No. 22] at p. 5). The Eighth Circuit recognizes the "harmless-error" rule when analyzing a party's challenge to the Commissioner's decision. See Byes v. Astrue, 687 F.3d 913, 917 (8th Cir. 2012). "To show an error was not harmless, [Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred." Id. (citing Van Vickle v. Astrue, 539 F.3d 825, 830 (8th Cir. 2008). Implicit in Defendant's argument is a post hoc rationalization that the

11

vocational expert identified a representative sample of jobs that Plaintiff could perform and none of the jobs presented require the use of foot controls. Therefore, Defendant argues that Plaintiff would not be harmed by the ALJ's failure to develop the record regarding the use of foot controls. This Court disagrees.

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004) (citations omitted). "Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work." Byes v. Astrue, 687 F.3d 913, 916 (8th Cir. 2012). "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Twyford v. Comm'r, SSA, 929 F.3d 512, 517 n.3 (8th Cir. 2019) (citing Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)).

Although Defendant's rationalization may be hypothetically true, the Court cannot meaningfully evaluate any such hypothetical decision by the ALJ because the ALJ failed in her duty to sufficiently develop the record to permit meaningful review. If the ALJ made any such hypothetical decision, the ALJ is required to sufficiently articulate that decision and highlight the evidence in the record upon which she relied. Without this information, the Court cannot conduct a meaningful review of the ALJ's decision. See Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005) (quoting Reeder v. Apfel, 214 F.3d 984, 988 (8th Cir. 2000) ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding, where the deficiency [has] no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis to remand.").

In the present case, the ALJ simply failed to properly explain her reasons for disregarding Dr. Larbi-Odam's opined limitation that Plaintiff should be limited to using his feet "for repetitive movement such as operating foot controls for about 4 hours a day." This represents a failure of the ALJ to sufficiently develop the record to permit meaningful review on appeal. See, e.g., Dianna L.B. v. Saul, 19-cv-2561 (TNL), 2020 WL 4586822, at *5 (D. Minn. Aug. 10, 2020); Holdeman v. Kijakazi, No. 20-cv-729 (NKL), 2021 WL 6062368, at *6 (W.D. Mo. Dec. 22, 2021); Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020).

For all the reasons discussed herein, the Court finds that the ALJ's decision not to include all of Dr. Larbi-Odam's opined limitation in the ALJ's RFC determination, in the present case, provides an insufficient basis for meaningful appellate review. Because there exists an insufficient basis upon which to conduct a meaningful appellate review of the ALJ's decision here and because this decision directly affects the RFC, there is also an insufficient basis for meaningful appellate review of the ALJ's RFC determination as a whole.

However, it remains for the undersigned to determine whether to recommend remanding the present case to the Social Security Administration for further consideration or recommend the entry of an award of benefits. Plaintiff asks the Court to reverse the Commissioner's unfavorable decision and immediately award benefits to Plaintiff, or in the alternative, to remand this case for further administrative proceedings.

The Court finds that remand is the appropriate approach in the present case.

After determining that the Commissioner's decision is not supported by substantial evidence, a reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994); David S.

v. Saul, No. 19-cv-3137 (ADM/LIB), 2021 WL 467348, at *9 n.9 (D. Minn. Jan. 25, 2021), report and recommendation adopted, 2021 WL 465281 (D. Minn. Feb. 9, 2021); Bryan A. v. Berryhill, No. 17-cv-5494 (LIB), 2019 WL 13218558, at *10–11 (D. Minn. Mar. 28, 2019). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Faucher, 17 F.3d at 176. Where there is conflicting evidence in the record, the Court should remand the case back to the Commissioner for further consideration. See Faucher, 17 F.3d at 176.

While it is possible that Plaintiff might be entitled to benefits, on the present record, this Court cannot say that such a determination can be made a this time as a matter of undisputed fact. Consequently, the Court declines to recommend reversal for an immediate award of benefits. Instead, the Court recommends the present case be remanded to the Commissioner so that a determination may be made in a manner consistent with this recommendation and on the medical evidence in the record.

Therefore, to the extent Plaintiff seeks an immediate award of benefits from this Court, Plaintiff's Motion is **DENIED**. To the extent that Plaintiff alternatively seeks a remand of his claim to the Commissioner for further consideration, the Plaintiff's Motion is **GRANTED**.

### IV. Conclusion

Although it is a plaintiff's burden to establish his RFC, "the disability determination process is not an adversarial process," and the Commissioner has a concurrent, independent "duty to develop the record." Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020). This duty includes the ALJ's duty to develop the record by sufficiently explaining her decisions and choices in a manner which permits meaningful appellate review. Id.; Combs, 878 F.3d at 646. In the present case, the Commissioner (through the ALJ) has failed to satisfy this duty, for all the reasons discussed above.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's request for relief, [Docket No. 15], be **GRANTED in part** and **DENIED in part**, as set forth above;

2. Defendant's Motion for Summary Judgment, [Docket No. 21], be **DENIED**;

3. Defendant's duplicative brief requesting relief by affirming Commissioner's Decision, [Docket No. 22], be **DENIED**; and

4. The above captioned matter be **REMANDED** to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with the Report and Recommendation.

Dated:  January 4, 2024                                     s/Leo I. Brisbois
                                                            Hon. Leo I. Brisbois
                                                            United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).