UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason H., | Case No. 23-cv-0743 (WMW/LIB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Martin J. O'Malley, *Commissioner of Social Security Administration*, | |
| Defendant. | |

This matter is before the Court on the January 4, 2024 Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois. (Dkt. 23.) As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. On March 27, 2023, Plaintiff Jason H. commenced this action, seeking judicial review of Defendant Martin J. O'Malley's decision to deny Plaintiff's application for disability benefits. Plaintiff moves for relief and O'Malley moves for summary judgment. The R&R recommends granting in part and denying in part Plaintiff's motion for relief and denying O'Malley's motion for summary judgment. O'Malley filed timely objections to the R&R. (Dkt. 24.) For the reasons addressed below, the Court overrules O'Malley's objections and adopts the R&R.

# ANALYSIS

The Court reviews *de novo* those portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must address the portions of the magistrate judge's R&R to which objections are made and offer a basis for the objections. *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). The Court reviews for clear error objections that restate arguments that were made to and considered by the magistrate judge. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. Mar. 30, 2015). The Court does not consider evidence that was not submitted to the magistrate judge for consideration. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

## I.    O'Malley's Objections to the R&R

O'Malley objects to the R&R, arguing that the magistrate judge failed to consider his argument that Dr. Larbi-Odam's limitation on "repetitive" operation of foot controls would not preclude Plaintiff from performing not only "frequent use," but the more strenuous "repetitive use" of foot controls.

O'Malley's objection, however, misconstrues the magistrate judge's analysis. The magistrate judge considered the argument and found that the ALJ failed to sufficiently develop the record to allow for a meaningful review on appeal. Specifically, the magistrate judge found that the ALJ only provided generic references to the objective evidence in the

2

record. These generic references failed to sufficiently explain the contradiction between the ALJ's decision that Dr. Larbi-Odam's opinions were persuasive and the ALJ's implied decision not to include all of Dr. Larbi-Odam's opined limitation in the RFC determination. Because the record lacks this explanation, the Court cannot evaluate whether the ALJ's decision is supported by substantial evidence. As this objection restates an argument made to and considered by the magistrate judge, this Court reviews this portion of the R&R for clear error. *See Montgomery*, 98 F.Supp.3d at 1017. Having found no clear error here, O'Malley's objection is overruled.

Alternatively, O'Malley objects to the R&R, contending that the ALJ's decision should be affirmed because the vocational expert identified jobs that do not require the use of foot controls. At step five of the of the administrative review process, "the burden shifts to the Commissioner to show there are other available jobs in the economy." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). O'Malley's argument is based on the descriptions of job duties provided by the *Dictionary of Occupational Titles* ("*DOT*"). These descriptions provided by the *DOT*, however, do not address whether foot controls are required for these jobs. Nor do these descriptions provide the possible physical, mental and environmental demands of a job. Moreover, nothing in the record indicates that foot controls are required for these jobs. As such, O'Malley's argument is unavailing, and this objection is overruled.

**II.     Clear Error Review**

The Court reviews the remainder of the R&R for clear error. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). After careful review of the R&R, the Court finds no clear error and, therefore, adopts the R&R.

**ORDER**

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Martin J. O'Malley's objections, (Dkt. 24), to the January 4, 2024 R&R, are **OVERRULED**;

2. The January 4, 2024 R&R, (Dkt. 23), is **ADOPTED**;

3. Plaintiff's motion for relief, (Dkt. 15), is **GRANTED in part** and **DENIED in part**, as set forth in the R&R;

4. Defendant's motion for summary judgment, (Dkt. 21), is **DENIED**;

5. Defendant's duplicative brief requesting relief by affirming the Commissioner's Decision, (Dkt. 22), is **DENIED**; and

6. This matter is **REMANDED** to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 7, 2024

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge